**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| WALTER SMITH,<br>        ID #1288882          )<br>                Petitioner,           )<br>                                      )<br>vs.                                   )<br>                                      )<br>RICK THALER, Director,                )<br>Texas Department of Criminal          )<br>Justice, Correctional Institutions Division, )<br>                Respondent.           ) | No. 3:10-CV-0336-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Rick Thaler, Director of TDCJ-CID.

On February 18, 2005, petitioner pled guilty to aggravated robbery in Cause No. F04-73297-LMQ, robbery in Cause No. F04-55107-MQ, and evading arrest in F04-55108-PQ. (Petition (Pet.) at 2; Attachment (Att.) at 1).  His deferred adjudication probation in Cause No. F99-51934-VMQ was also revoked, and he was adjudicated guilty of possession of a controlled substance with intent to deliver. (Att. at 1-2).  Petitioner was sentenced to ten years in the evading arrest case and twenty-five years in the remaining three cases. (*See* www.tdcj.state.tx.us, search petitioner's record).

Petitioner appealed all four cases.  The Eleventh District Court of Appeals affirmed petitioner's convictions in two unpublished opinions.  *Smith v. State*, Nos. 11-05-00134-CR, 11-05-

1

00135-CR, 11-05-00136-CR (Tex. App. – Eastland, Dec. 8, 2005, pet. ref'd); *Smith v. State*, No. 11-05-00133-CR (Tex. App.–Eastland, Dec. 8, 2005, pet. ref'd). On April 12, 2006, his petitions for discretionary review were refused by the Texas Court of Criminal Appeals in all four cases. (PD-0068-06, PD-0069-06, PD-0070-06, PD-0071-06). Petitioner did not file any petitions for writ of certiorari in these cases.

On April 17, 2007, petitioner filed his first state applications for writ of habeas corpus in these four cases. (Pet. at 3; *see also* www.dallascounty.org, search petitioner's criminal background). On August 1, 2007, the Court of Criminal Appeals denied petitioner's application in Cause No. F04-73297-LMQ without written order. On that same date, petitioner's state applications in his other three 2004 convictions were dismissed for being non-compliant. *See Ex parte Smith*, WR-67,898-04 (Tex. Crim. App. Aug. 1, 2007); *Ex parte Smith*, WR-67,898-02, WR-67,898-03, WR-67,898-05 (Tex. Crim. App. Aug. 1, 2007). In May of 2008, petitioner filed a second state application for writ of habeas corpus. (Pet. at 4). On April 15, 2009, this application was dismissed by the Court of Criminal Appeals as an abuse of the writ. *See Ex parte Smith*, WR-67,898-08 (Tex. Crim. App. April 15, 2009).

Petitioner mailed his federal petition on February 16, 2010. (Pet. at 9).[1]

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

---

[1] It is unclear from petitioner's federal petition whether he intends to attack all four of his state convictions. On the first two pages of his petition, petitioner refers only to his conviction in Cause No. F04-73297-LMQ, but in his attachment, he contends that a prior conviction used to enhance his sentences in his four 2004 convictions is void, and he requests that this prior conviction be removed as an enhancement in all of the four convictions. (Att. at 3). In an abundance of caution, the Court construes the petition as a challenge to all four convictions.

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed this action after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Here, petitioner has not alleged any state-created impediment under subparagraph (B) or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Petitioner did not file any petitions for writ of certiorari with the United States Supreme Court after his PDRs were refused by the Court of Criminal Appeals. His state convictions therefore became final for purposes of § 2244(d) on July 11, 2006, ninety days after the Texas Court of Criminal Appeals refused the petitions for discretionary review on April 12, 2006. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. As for subparagraph (D), the facts

3

supporting petitioner's claims became known or could have become known prior to the date petitioner's state judgment of conviction became final on July 12, 2006.  Because petitioner filed his petition more than one year after his convictions became final, a literal application of § 2244(d)(1) renders his February 16, 2010, filing untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*"  28 U.S.C. § 2244(d)(2) (emphasis added).  The one-year limitations period was therefore tolled while petitioner's first state habeas application in Cause No. F04-73297-LMQ was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).  However, petitioner's state applications in his other three cases did not toll the limitations period because they were dismissed by the Court of Criminal Appeals as being non-complaint.  Petitioner's federal petition is untimely with respect to his convictions in Cause Nos. F04-55107-MQ, F04-55108-PQ, and F99-51934-VMQ.

When petitioner filed his state petition in Cause No. F04-73297-LMQ, on April 17, 2007, 281 days had elapsed since his conviction became final on July 11, 2006.  The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on August 1, 2007.  The AEDPA clock began to run again on August 2, 2007, and the time remaining in petitioner's one-year time period for filing a federal petition expired on October 24, 2007.  While petitioner states that he filed a second state application in May of 2008, this application does not toll the one-year limitations period because it was filed after the one-year period expired.

The statutory tolling provision does not save his federal petition with respect to this conviction, either.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner "is not entitled to equitable tolling", however, unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he was prevented from filing his state writs earlier. He has not met his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is therefore barred by limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED** on this 13th day of April, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE